IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., ) | |
| ) | |
| Plaintiff/Judgment Creditor, ) | No. 11 CV 08677 |
| ) | |
| vs. ) | Honorable Elaine E. Bucklo |
| ) | |
| AGUILA RECORDS, INC., ) | |
| ) | |
| Defendant/Judgment Debtor. ) | |

**MOTION OF UMG RECORDINGS, INC. FOR TURNOVER
DIRECTED TO JP MORGAN CHSAE BANK, N.A.**

Plaintiff/judgment creditor UMG Recordings, Inc. ("UMG"), pursuant to 735 ILCS 5/2-1402(c)(3) made applicable hereto be Federal Rule of Civil Procedure 69(a)(1), hereby moves (the "Motion") for turnover of the proceeds of an account held for the benefit of the judgment debtor, Aguila Records, Inc. ("Aguila"), with JP Morgan Chase Bank, N.A. ("Chase Bank"). In support of this Motion, the UMG states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1963.

**Background**

2. On February 14, 2011, the United States District Court for the Central District of California entered judgment in civil action no. 2:10 CV 00252 in favor of UMG and against the Judgment Debtor in the amount of $1,026,566.09 (the "Judgment"). [Docket No. 1.] The Judgment remains wholly unsatisfied.

3. On December 6, 2011, UMG registered the Judgment in this judicial district pursuant to 28 U.S.C. § 1963.

4. On December 12, 2011, UMG caused the Clerk of this Court to issue citations to discover assets to Aguila and Chase Bank, among others. [Docket Nos. 19, 21.]

5. Aguila had a banking relationship with Chase Bank.

6. UMG caused the citations to be served by certified United States Mail. UMG additionally gave notice to Aguila that it had issued citations to discover assets to third parties, including Chase Bank. [Docket No. 8, 11.] *See* 735 ILCS 5/2-1402(d).

7. Chase Bank filed its answer in response to the Citation on December 19, 2011. It identified an account held for the benefit of Aguila with a positive balance of $2,033.95 ("Aguila Account"). [Docket No. 23.]

8. On May 29, 2012, this Court extended the expiration of all Citations, including the Citation issued to Chase Bank, to December 12, 2012. [Docket No. 34.]

9. The entire Judgment balance is outstanding. Aguila has made no effort to appear or otherwise comply with the Citations.

## Argument

10. This Court may compel the turnover of the Aguila Account to partially satisfy the outstanding judgment balance. Federal Rule of Civil Procedure 69(a)(1) provides that process to enforce a judgment for the payment of money "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In Illinois, civil judgments may be enforced through supplementary proceedings. *See* 735 ILCS 5/2-1402. Illinois statutes authorizing a judgment creditor to discover the assets of a debtor or of a third party in order to enforce a judgment are to be broadly construed. *See City of Chicago v. Air Leasing Co.*, 297 Ill. App. 3d 873, 878 (1st Dist. 1998); *Society of Lloyd's v. Estate of McMurray*, 274 F.3d 1133, 1136-37 (7th Cir. 2001). The Illinois Code of Civil Procedure vests courts with broad powers not only to order discovery, but also to compel application of discovered assets to satisfy a judgment. *See*

*Air Leasing Co.*, 297 Ill. App. 3d at 878; *Kennedy v. Four Boys Labor Serv., Inc.*, 279 Ill. App. 3d 361, 366 (2d Dist. 1996).

11. Section 2-1402(c) of the Illinois Code of Civil Procedure authorizes a judgment creditor to seek turnover of money, property or personal effects in the possession or control of the judgment debtor or a third party. That statute provides in pertinent part:

> (c) When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:
> \*\*\*
> (3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement.

735 ILCS 5/2-1402(c)(3) (emphasis added). To determine whether turnover is appropriate, the relevant inquiries by this Court include: (1) whether the judgment debtor possesses assets to be applied in order to satisfy the judgment; or (2) whether a third party holds any of the judgment debtor's assets to be applied to satisfy the judgment. *See Pyshos v. Heart-Land Dev. Co.,* 258 Ill. App. 3d 618, 623 (1st Dist. 1994). Because Chase Bank holds Aguila's assets which could be applied to partially satisfy the Judgment, an order of turnover is appropriate.

**WHEREFORE**, plaintiff/judgment creditor UMG Recordings, Inc. asks this Court to (i) grant the Motion; (ii) order Chase Bank to turnover the proceeds of the Aguila Account to UMG Recordings, Inc,'s counsel; and (iii) grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: December 7, 2012       Respectfully submitted,

**UMG RECORDINGS, INC.**

/s/Terence G. Banich
Terence G. Banich (6269359)
Jessica M. Scheller (6283944)
Shaw Fishman Glantz & Towbin LLC
321 N. Clark Street, Suite 800
Chicago, IL 60654
(312) 980-3859
tbanich@shawfishman.com
jscheller@shawfishman.com